UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN MILLER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 22-5790-RSM<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　　　Plaintiff seeks to proceed *in forma pauperis* for an action seeking judicial review of the administrative decision denying his application for Social Security benefits. *See* Dkt. 1. For the reasons discussed below, the court DENIES Plaintiff's application to proceed *in forma pauperis*.

　　　　The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself [or herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

　　　　Plaintiff has not shown he is unable to pay the full filing fee to proceed with this lawsuit.

ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

His application shows he is presently employed with a net monthly salary of $1,846.61 and his spouse is currently employed with a net monthly salary of $3,676.40. Dkt. 1 at 1. Plaintiff lists monthly expenses of $3,674.07. *Id.* at 2. This leaves nearly $1,848.94 per month. Plaintiff's property includes a house valued at $262,200 and two vehicles worth $6,303. *Id*. Within the past 12 months, Plaintiff received $6,347.76 in additional income, and Plaintiff currently has $1,228.89 in his checking account. *Id.* When asked to provide more information to explain why he cannot pay court fees and costs, Plaintiff answered he "does not have a ton of extra money each month to play with" as he has other expenses to pay, though he does not include them in his monthly expenses. *See id.*

When a claim of poverty is made under Section 1915, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Based on the information provided, Plaintiff has failed to demonstrate that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself . . . with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal alterations omitted).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE. Plaintiff has 30 days from the date of this order to pay the full filing fee or reapply to proceed *in forma pauperis*. If the filing fee or a new application is not received within 30 days, the clerk's office is instructed to dismiss this action WITHOUT PREJUDICE.

DATED this 19th day of October, 2022.

Ricardo S. Martinez
United States District Judge