UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5790 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) erred in evaluating his testimony and the medical opinions of Dr. Hussamy, Dr. Staley, Dr. Baylor, and Dr. Liu. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

### BACKGROUND

Plaintiff is 39 years old, has at least a high school education, and has worked as a warehouse worker and stock clerk. Admin. Record (AR) 24. In December 2018, Plaintiff protectively applied for benefits, alleging disability as of May 1, 2017. AR 69–70, 83–84. Plaintiff's application was denied initially and on reconsideration. AR 80, 93. Following a March 2021 hearing, the ALJ issued a decision finding Plaintiff not disabled. AR 12–58.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Testimony

Plaintiff testified to pain on the left side of his body and his back. AR 41, 48–49. He explained that due to his back pain, he can sit for 20 minutes before having to recline, stand for five minutes before needing to sit, and walk for 50 feet before needing to sit down. AR 41–43. Plaintiff testified that within a given eight-hour day, he has to recline for up to four hours. AR 43–44. Plaintiff testified he cannot lift ten pounds or more. AR 46. Plaintiff stated he uses a cane at home but a wheelchair or electric cart outside the home. AR 38, 50–51. Plaintiff also testified to attending physical therapy and sessions with his chiropractors, but he stated they "did not really work." AR 41.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

1  it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

2        The ALJ rejected Plaintiff's testimony for several reasons, one of which is valid and
3  supported by substantial evidence. Specifically, the ALJ permissibly found it inconsistent with
4  Plaintiff's medical record, including an x-ray of Plaintiff's knee, which his physician described
5  as "unremarkable." AR 395–96. Plaintiff's physicians have also described Plaintiff's reports of
6  pain "out of proportion" compared to his imaging results. AR 396, 433, 548. Plaintiff's physical
7  examinations revealed he had normal muscle strength bilaterally in his upper and lower
8  extremities. AR 432, 538. Plaintiff was found to have normal gait and balance, and in one
9  examination, he was able to ambulate, lift up to ten pounds, sit for 30 minutes, and stand up to
10 ten minutes at one time, directly contradicting Plaintiff's statements about his limitations. *See*
11 AR 375, 423.

12       Plaintiff's own reports also contradict his testimony. For example, he reported being
13 more mobile, even without a cane or walker. AR 417, 482. Plaintiff also reported improvements
14 from his treatments. In January 2019, Plaintiff described his back and leg pain as "6/10," but
15 Plaintiff has since continuously described his pain as "3/10." AR 595, 603, 627, 629, 631, 633,
16 635, 637, 639. The treatment notes also state that despite Plaintiff's muscle spasms and "mildly
17 reduced" range of motion, Plaintiff had normal gait and balance, and is "expected to make good
18 progress and recovery with few residuals." *Id*. Given the objective medical evidence and
19 Plaintiff's own reports of improvement in his symptoms, the Court finds the ALJ's reason for
20 rejecting Plaintiff's symptom testimony to be a rational one. *See Carmickle v. Comm'r, Soc. Sec.*
21 *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th
22 Cir.1995)) ("Contradiction with the medical record is a sufficient basis for rejecting the
23 claimant's subjective testimony."); *see also Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*,

439 F.3d 1001, 1006 (9th Cir. 2006) ([i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits."). Accordingly, the Court finds the ALJ did not err in rejecting Plaintiff's testimony.

The ALJ provided other reasons for rejecting Plaintiff's testimony, but because he has provided at least one valid reason, supported by substantial evidence, the Court need not address those other reasons. Even if those reasons were erroneous, they would nonetheless be rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**2.      Medical Opinion Evidence**

Plaintiff contends the ALJ erred in finding persuasive the medical opinions of Dr. Hussamy, Dr. Staley, and Dr. Baylor, and in rejecting the medical opinion of Dr. Liu. Dkt. 13 at 7–9.

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**a.      Dr. Hussamy, Dr. Staley, and Dr. Baylor**

Dr. Hussamy submitted a medical interrogatory in response to the ALJ's request in April 2021.  AR 675–79.  Based on his review of Plaintiff's medical record, Dr. Hussamy opined Plaintiff can lift/carry up to ten pounds frequently and 11 to 20 pounds occasionally.  AR 678.  Dr. Hussamy also opined Plaintiff can occasionally climb stairs, ladders, ramps, scaffolds, balance, stoop, kneel, crouch or crawl.  *Id*.  Dr. Staley and Dr. Baylor provided similar opinions.  AR 76–78, 90–91.

The ALJ found their opinions persuasive because they were consistent with objective medical evidence.  AR 22–23.  The ALJ's assessment is supported by the record.  A physician assessed that an x-ray of Plaintiff's knee was "unremarkable."  AR 395–96.  Recent treatment notes state there was no evidence of decreased muscle tone or muscle wasting, despite reported motor weakness.  AR 538.  Plaintiff's physicians considered fibromyalgia as the cause of his reported pain, but there was conflicting information as to the actual cause.  AR 434, 541, 558, 561, 563, 572, 576.  Additionally, Plaintiff's physical examinations continuously showed normal findings, including normal tone and bulk in four extremities, as well as "5/5" muscle strength in bilateral upper and lower extremities.  AR 395, 432.  Further, as discussed in the previous section, Plaintiff reported improvements from his treatment on numerous occasions.  AR 627, 629, 631, 633, 635, 637, 639.

Plaintiff argues the ALJ's evaluation of Dr. Hussamy's opinion is lacking because Dr. Hussamy did not cite to a treatment note which states Plaintiff's MRI revealed mild central canal stenosis and moderate left neural foraminal stenosis.  Dkt. 13 at 7; AR 556.  But Plaintiff does not explain how Dr. Hussamy's lack of citation to this treatment note affects his overall interpretation of Plaintiff's record, especially considering the interrogatory indicates the treatment note was part of the body of medical evidence Dr. Hussamy reviewed.  *See* AR 676

1 (showing Dr. Hussamy reviewed AR 321–668).  Moreover, even if Dr. Hussamy had disregarded
2 the note, Plaintiff still fails to show how doing so necessarily means the ALJ could not have
3 given weight to Dr. Hussamy's opinion without harmful error.  Plaintiff seems to take more issue
4 with Dr. Hussamy's interpretation of his medical record rather than the ALJ's evaluation of Dr.
5 Hussamy's opinion and suggests the Court reweigh the evidence.  But the Court can only review
6 how the ALJ evaluated Dr. Hussamy's opinion, not how Dr. Hussamy evaluated Plaintiff's
7 condition.  *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons
8 provided by the ALJ in the disability determination and may not affirm the ALJ on a ground
9 upon which he did not rely.")

10       Plaintiff again refers to the treatment note in assigning error to the ALJ's evaluation of
11 the medical opinions of Dr. Staley and Dr. Baylor, but in giving weight to their medical opinions
12 (as well as Dr. Hussamy's), the ALJ did not solely rely on Plaintiff's MRI imaging.  AR 23.  As
13 discussed, the ALJ also pointed to Plaintiff's normal physical examinations and Plaintiff's own
14 reports of improvement.  *See id*.  Plaintiff does not show how an MRI finding is enough to
15 overcome the ALJ's reasoning, which the Court has found substantially supported by both
16 medical and nonmedical evidence.  *See* 20 C.F.R. 404.1520c(c)(2) (An ALJ must consider a
17 medical opinion's consistency with "evidence from other medical and nonmedical sources.")
18 Accordingly, the Court rejects Plaintiff's argument and finds the ALJ did not err in finding the
19 medical opinions of Dr. Hussamy, Dr. Staley, and Dr. Baylor persuasive.

20       **b.**   **Dr. Liu**

21       Dr. Liu completed a disability evaluation report in April 2019 by reviewing Plaintiff's
22 record and performing a physical examination.  AR 421–23.  Dr. Liu opined Plaintiff is able to
23 lift or carry up to 10 pounds occasionally, sit for 30 minutes at one time without interruption and

up to three to four hours during an eight-hour workday, stand for ten to 15 minutes at one time without interruption, and up to one hour total during an eight-hour workday. AR 423. Dr. Liu also opined Plaintiff is able to walk for five to 10 minutes at one time. *Id*.

Dr. Liu's proposed limitations are more restrictive than those opined by Dr. Hussamy, Dr. Staley, and Dr. Baylor. *Compare* AR 76–78, 90–91, 675–79 *with* AR 421–23. In rejecting Dr. Liu's opinion, the ALJ found it inconsistent with the same evidence discussed in the previous section, including Plaintiff's normal x-ray, physical examinations, and his continuous reports of improvement from therapy. *See* AR 432, 537–38, 627, 629, 631, 633, 635, 637, 639. The Court has found the ALJ could reasonably find the less restrictive opinions of Dr. Hussamy, Dr. Staley, and Dr. Baylor consistent with the medical evidence listed. Therefore, it follows the ALJ could also reasonably reject Dr. Liu's more restrictive opinion as inconsistent with the same evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Accordingly, the Court finds the ALJ did not err in rejecting Dr. Liu's opinion.

The ALJ provided other reasons for rejecting Dr. Liu's opinion but because he has provided at least one valid reason, supported by substantial evidence, the Court need not address those other reasons. Even if those reasons were erroneous, they would nonetheless be rendered harmless. *See Carmickle*, 533 F.3d at 1162.

///

///

///

///

///

ORDER AFFIRMING AND DISMISSING
THE CASE - 7

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 3rd day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE